FILED
2026 Oct-05 AM 10:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **D'WANNA WILLIAMS,** | } | |
| **Plaintiff,** | } | |
| **v.** | } | **Case No.: 2:26-cv-1251-ACA** |
| **SALEH MOFLEHI INVESTMENTS, LLC, *et al.*,** | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

Plaintiff D'Wanna Williams filed suit against Defendants Saleh Moflehi Investments LLC ("SMI") and Guissados Y Tortas Locas LLC, d/b/a Tortas Locas Homewood ("Tortas Locas"), alleging that they are violating the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, and the regulatory standards set out in 28 C.F.R. Part 36. (Doc. 1). After the Clerk entered default against both defendants (docs. 10, 11), Ms. Williams moved for entry of default judgment (doc. 15). The court **WILL GRANT** the motion and **WILL ENTER DEFAULT JUDGMENT** against SMI and Tortas Locas, declaring that SMI and Tortas Locas are in violation of the ADA and directing them to make specific alterations to the property at issue so that it is fully accessible to individuals with disabilities.

## I. BACKGROUND

A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quotation marks omitted). Here, Ms. Williams presents not only her complaint but also several declarations in support of liability. (Docs. 15-1 to 15-3). But in the Eleventh Circuit, a default judgment can be entered only if there is "a sufficient basis *in the pleadings* for the judgment entered." *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)[1] (emphasis added). The court therefore does not consider the evidence from outside the pleadings in evaluating whether entry of default judgment is appropriate.

SMI owns, leases, or operates the Green Springs Plaza Shopping Center, located at 20–46 Green Springs Highway, Homewood, Alabama. (Doc. 1 ¶ 4). Tortas Locas owns, leases, or operates a restaurant located in the Shopping Center. (*Id.* ¶ 5).

Ms. Williams, who has had both legs amputated, uses a wheelchair for mobility. (*Id.* ¶ 3). Because of her wheelchair use, she also has limitations in her upper extremities. (*Id.*). At some point, she visited the Tortas Locas restaurant in the

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Shopping Center. (Doc. 1 ¶ 10). She encountered the following barriers to access and enjoyment of the Shopping Center:

i. There are an insufficient number of accessible parking spaces serving the tenant spaces of the Shopping Center;

ii. There are two centrally located parking spaces with some indicia of accessibility but which are not designated as accessible with raised signs and are not on the shortest accessible route to any of the existing tenant spaces.

iii. The two centrally located parking spaces and shared access aisle with some indicia of accessibility are located in an area of the parking lot with excessive slopes that are too steep for a wheelchair user;

iv. There is no designated accessible route leading from the centrally located parking spaces with some indicia of accessibility to a curb ramp providing an accessible route to the tenant spaces;

v. Curb ramps present are not clearly marked or easily discernable and contain excessive slopes such that there is no accessible route to enter any of the tenant spaces.

(*Id.* ¶ 12).

Ms. Williams encountered the following barriers to access and enjoyment of the restaurant:

vi. The Restaurant contains two levels that are separated by a 6-to-8-inch step with no ramp;

vii. The main dining area and the public toilet rooms are located on the upper level such that there is no accessible route to access the dining area or the public toilet rooms;

viii. The public toilet room entry doors are equipped with knob-style hardware that requires tight grasping and twisting of the wrist to operate;

ix. The public toilet room entry doors are only 24-inches in width and are too narrow for a wheelchair user to enter;

x. The public toilet rooms are not designated with accessible signage;

xi. The public toilet rooms are too small for a wheelchair user and do not provide sufficient clear maneuvering space for a wheelchair user to enter and access either the lavatory or the water closet;

xii. The public toilet rooms lack grab bars at the water closet necessary for a wheelchair user;

xiii. The public toilet rooms have inaccessible lavatories to the extent that the Men's toilet room has a pedestal lavatory which offers no knee or toe clearance, and the Women's toilet room offers a wall hung lavatory with pipes that are not insulated to protect a wheelchair user;

xiv. Upon information and belief, the mirrors, soap and paper towel dispensers are mounted too high for a wheelchair user or are otherwise out of reach.

(*Id.*).

As a result, Ms. Williams filed this lawsuit, seeking (1) a declaration that "the property owned and administered by Defendant[s] is violative of the ADA," (2) an injunction requiring "Defendants to alter their facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA," and (3) attorney's fees.[2] (Doc. 1 at 9).

## II. DISCUSSION

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise

---

[2] The complaint also seeks injunctive relief relating to Defendants' "policies and procedures towards persons with disabilities" (doc. 1 at 9–10), but the motion for default judgment does not seek that relief (*see* doc. 15).

defend a lawsuit, the Clerk of Court must enter the party's default. Fed. R. Civ. P. 55(a). Second, if the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant as long as the well-pleaded allegations in the complaint state a claim for relief. Fed. R. Civ. P. 55(b); *Nishimatsu Contr. Co.*, 515 F.2d at 1206.

The Clerk has entered default against SMI and Tortas Locas. (Docs. 10–11). Accordingly, the court must determine whether the well-pleaded allegations in the complaint support a finding that Defendants are violating the ADA. *See Nishimatsu Contr. Co.*, 515 F.2d at 1206. To make that determination, the court must first set out the exact injunctive relief Ms. Williams seeks.

Ms. Williams' motion for default judgment does not define precisely the injunctive relief she seeks. (*See* doc. 15). However, in her proposed judgment, she proposes requiring SMI to: (1) remove accessibility markings from two accessible parking spaces that are located in areas with excessive slopes; (2) provide a single van-accessible parking spot in the adjacent row that is closer to the building that the current spots; (3) "provide two parking spaces in the most level area directedly across from the Tortas Locas and Cricket tenant spaces"; and (4) modify the existing curb ramp closes to the Tortas Locas tenant space. (Doc. 15-4 at 2–4). She further proposes requiring SMI and Tortas Locas to: (1) install a ramp along the partition between the upper and lower levels of the restaurant; and (2) make certain

modifications to the men's room to create a unisex accessible toilet room. (*Id.* at 4–6).

"Title III [of the ADA] prohibits discrimination by private entities in places of public accommodation." *Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1272 (11th Cir. 2006). It provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Accordingly, a plaintiff alleging a claim under Title III must show that: (1) she is a disabled individual; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA. *Id.*

Ms. Williams adequately alleged that she is an individual with a disability. (*See* doc. 1 ¶ 3); 42 U.S.C. § 12102(1) (defining "disability" as "a physical or mental impairment that substantially limits one or more major life activities of [an] individual"). She also adequately alleged that SMI owns, leases, or operates the Green Springs Shopping Plaza, which is a place of public accommodation, and that SMI and Tortas Locas own, lease (or lease to), or operate the restaurant, which is also a place of public accommodation. (Doc. 1 ¶¶ 4–5); 42 U.S.C. § 12181(7)(E) (defining a "public accommodation" to include a "shopping center"); *id.*

§ 12181(7)(B) (defining a "public accommodation" to include "a restaurant, bar, or other establishment serving food or drink"). Finally, she has adequately alleged that SMI and Tortas Locas discriminated against her by "fail[ing] to remove architectural barriers." (*See* doc. 1 ¶ 12); 42 U.S.C. § 12182(b)(2)(A)(iv) (defining "discrimination" to include "a failure to remove architectural barriers"); 28 C.F.R. § 36.304(b)(1)–(2), (b)(8), (b)(11)–(12), (b)(18) (providing that "[i]nstalling ramps," "[m]aking curb cuts in sidewalks and entrances," "[w]idening doors," "[i]nstalling accessible door hardware," "[i]nstalling grab bars in toilet stalls," and "[c]reating designated accessible parking spaces" are examples of when "removal is readily achievable"). Accordingly, she is entitled to the declaration she seeks.

Ms. Williams also seeks an injunction requiring SMI and Tortas Locas to make specified changes to the accessibility of the Shopping Center and restaurant. (Doc. 1 at 9–10; doc. 15 at 4; doc. 15-4 at 2–6). The ADA authorizes the court to enter an injunction to remedy discrimination based on the failure to remove architectural barriers. 42 U.S.C. § 12188(a)(2). Accordingly, the court may enter the injunction Ms. Williams requests, requiring:

(1) SMI to remove the accessibility markings from the two existing accessible parking spaces that are currently located in areas with excessive slopes;

(2) SMI to provide a single van-accessible parking space in the adjacent row, closer to the building than the existing accessible parking spaces, where the existing slopes are less severe. SMI shall ensure that the space is 11 feet wide and that an adjacent 5-

foot-wide, striped access aisle is provided in compliance with §§ 502.2 and 502.3 of the ADA Standards. SMI shall also post above-grade signage displaying the international symbol of accessibility and the words "van accessible" at the head of the accessible parking space, mounted so that the bottom edge is no less than 60 inches above the finished grade, in compliance with § 502.6 of the ADA Standards;

(3) SMI to provide two parking spaces in the most level area directly across from the Tortas Locas and Cricket tenant spaces by striping an 11-foot-wide van-accessible parking space, followed by a 5-foot-wide shared, striped access aisle, and an 8-foot-wide accessible parking space, in compliance with §§ 208.2, 502.2, and 502.3 of the ADA Standards. SMI shall post above-grade signage displaying the international symbol of accessibility at the head of each accessible parking space, mounted so that the bottom edge is no less than 60 inches above the finished grade. SMI shall also ensure that the words "van accessible" appear on the sign posted at the head of the 11-foot-wide van-accessible parking space, in compliance with § 502.6 of the ADA Standards;

(4) SMI to modify the existing curb ramp closest to the Tortas Locas tenant space to ensure that its running slope is no greater than 1:12 (8.33%) in compliance with §§ 405.2 and 406 of the ADA Standards and that it is at least 36 inches wide in compliance with § 405.5 of the ADA Standards;

(5) at the 6-inch step leading to the upper level, where the toilet rooms are located, SMI and Tortas Locas to install a 36-inch-wide ramp with a running slope no greater than 1:12 (8.33%) along the partition between the upper and lower levels. The ramp shall terminate in a 60-inch-square, level landing created on the upper level, as necessary for the ramp to run parallel to the partition between the levels, in compliance with § 405 of the ADA Standards;

(6) SMI and Tortas to make the following modifications to the men's toilet room to create a unisex accessible toilet room:

a. Widen the entry door to accommodate a standard 36-inch-wide door and reverse the door's swing so that it opens out of the toilet room, with the hinge side remaining the same

(left-hand reverse), in compliance with § 404.2.4.1 of the ADA Standards;

b. Equip the entry door with lever-style hardware and an integral pushbutton lock, in compliance with §§ 309.4 and 404.2.7 of the ADA Standards;

c. Provide unisex accessible signage containing the pictograms of both male and female figures, the international symbol of accessibility, raised characters, and Braille. The signage shall be mounted to the right of the doorjamb of the newly created unisex accessible toilet room, with the tactile characters mounted between 48 and 60 inches above the finished floor, in accordance with § 703.4.2 of the ADA Standards;

d. Provide a wall-mounted lavatory with lever-style faucet hardware and insulated hot-water and drain pipes that provides the requisite knee and toe clearance for a wheelchair user, in compliance with §§ 606.2, 606.4, and 606.5 of the ADA Standards;

e. Install a 42-inch-long side grab bar and a 36-inch-long rear grab bar at the water closet, between 33 and 36 inches above the finished floor, in compliance with §§ 604.5.1 and 604.5.2 of the ADA Standards;

f. Provide a toilet-tissue dispenser mounted between 15 and 48 inches above the finished floor, with a dispensing point between 7 and 9 inches from the front of the water closet, in compliance with § 604.7 of the ADA Standards; and

g. Provide directional signage on the lower level advising of the location of the accessible toilet room on the upper level, in accordance with §§ 216.3 and 703.5 of the ADA Standards.

## III. CONCLUSION

The court **WILL GRANT** Ms. Williams's motion for default judgment. (Doc 15). The court **WILL ENTER DEFAULT JUDGMENT** against SMI and Tortas Locas, declaring that SMI and Tortas Locas are in violation of the ADA and directing

them to make specific alterations so that the Shopping Center and restaurant are fully accessible to individuals with disabilities.

The court will enter a separate final judgment consistent with this opinion.

**DONE** and **ORDERED** this October 5, 2026.

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE